

# NUMBER 13-13-00635-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOHN DAVID DANIELS,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

## On appeal from the 156th District Court
## of Live Oak County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Perkes and Longoria**
**Memorandum Opinion by Justice Longoria**

Appellant, John David Daniels, appeals his conviction for assault–family violence, contending the trial court erred by (1) denying a mistrial and (2) assessing fees for his court-appointed attorney. *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b-1)(3) (West, Westlaw through 2013 3d C.S.). We delete the fees and affirm the judgment as modified.

# I. BACKGROUND

During appellant's jury trial, the State called M.O. as a witness.[1] She testified that she met appellant in 2009, dated him for almost two years, and lived with him for about a year and a half. The relationship ended in July of 2012. On October 14, 2012, she called the police after a rock was thrown through her apartment window. Two officers arrived at her apartment. One noticed she was bruised. M.O. told him appellant had assaulted and strangled her two days earlier in Live Oak County, Texas, "most likely" at her home. It was "just another argument" and "normal abuse" from appellant. She had called the police "plenty of times before," but she did not do so on this occasion.

The State then called a witness who gave appellant "a criminal trespass warning" before the assault. The court asked, "Where did this happen?" The State answered, "At her home." The court said, "I didn't hear her say that. I heard her say she didn't know where it happened. . . . [U]ntil I have heard that on the record, what he's got to say about him not coming to her residence has nothing to do with this trial."

The State then recalled M.O. She testified that the assault occurred in her home. The State asked her "how" she knew where the assault occurred, and she testified, "Because it took me a minute to sit there and think about which altercation was this." Appellant's counsel made a general "objection," which led to a conference at the bench and subsequently a discussion outside the presence of the jury. Appellant's counsel said, "Your Honor, we ask that the jury be instructed to disregard, and then we'd ask for a mistrial because that doesn't . . . remedy the extraneous offense that was just entered to the jury." The court denied the mistrial.

---

[1] M.O. is the complainant in this case.

When the trial resumed, the court said, "Ladies and gentlemen of the jury, in response to one of the questions . . . [M.O.] indicated in her response something about altercations. You're instructed to disregard that comment." Again, appellant's counsel requested a mistrial, which was denied. The jury found appellant "guilty," and the trial court assessed a ten year prison sentence and $4,279 in court costs.

## II. MISTRIAL

By his first issue, appellant argues the trial court erred by denying a mistrial.

### A. Standard of Review

"A trial court's denial of a mistrial is reviewed for an abuse of discretion." *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). "[A]n appellate court must uphold the trial court's ruling if it was within the zone of reasonable disagreement." *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007). "An appellate court views the evidence in the light most favorable to the trial court's ruling, considering only those arguments before the court at the time of the ruling." *Ocon*, 284 S.W.3d at 884.

### B. Applicable Law

"The determination of whether a given error necessitates a mistrial must be made by examining the particular facts of the case." *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). "A mistrial is an appropriate remedy in extreme circumstances for a narrow class of highly prejudicial and incurable errors." *Ocon*, 284 S.W.3d at 884 (quotations omitted). "Generally, a prompt instruction to disregard will cure a witness's inadvertent reference to an extraneous offense." *Wilson v. State*, 90 S.W.3d 391, 395

(Tex. App.—Dallas 2002, no pet.).[2]  Such an instruction is presumed efficacious.  *See Corwin v. State*, 870 S.W.2d 23, 37 (Tex. Crim. App. 1993) (en banc).

## C. Discussion

Appellant argues that M.O.'s testimony—"which altercation was this"—was extraneous offense evidence erroneously admitted over his objection, causing unfair prejudice requiring a mistrial.  However, any error was cured because the same evidence was previously admitted without objection.  *See Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004).  Specifically, appellant did not object to M.O.'s testimony that the assault was "just another argument" involving "normal abuse" from appellant.  *See id.*[3] Moreover, the trial court's instruction also cured any error.  *See Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009).  Nothing in the record indicates the jury was unable to follow the instruction or that the error was incurable.  *See id.* at 581.  Therefore, denial of a mistrial was proper.  We overrule appellant's first issue.

### III. ATTORNEY'S FEES

By his second issue, appellant contends that the trial court erred by assessing attorney's fees in the amount of $4,030 because there was no evidence to support a finding that appellant had the ability to pay or offset the fees and the trial court did not make such a finding.  *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West, Westlaw through 2013 3d C.S.).  According to the State, "appellant's assertion . . . is meritorious and requires reformation of the judgment to remove that portion of the judgment

---

[2] *See also Ovalle v. State*, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000) ("Ordinarily, a prompt instruction to disregard will cure error associated with an improper question and answer, even one regarding extraneous offenses."); *Kemp v. State*, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992) (en banc) (same).

[3] We note appellant did object to M.O.'s testimony about calling the police in the past, but the trial court did not rule on the objection.  *See* TEX. R. APP. P. 33.1(a).

4

assessing attorney's fees as court costs" because "appellant's status as an indigent did not change from the time that he was initially found to be an indigent." *See Cates v. State*, 402 S.W.3d 250, 251–52 (Tex. Crim. App. 2013). We agree. We sustain appellant's second issue and modify the judgment to delete the fees. *See id.*

## IV. CONCLUSION

We affirm the trial court's judgment as herein modified.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
24th day of July, 2014.

5